UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NORMAN E. DICKINSON, | ) |
| Petitioner | ) ) ) |
| v. | ) Civil No. 06-112-P-C |
| STATE OF MAINE, | ) ) ) |
| Respondent | ) ) |

### **RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Norman Dickinson has filed a 28 U.S.C. § 2254 petition containing four grounds challenging his 2003 conviction on marijuana and firearm charges. Dickinson lists four grounds in this petition, two challenging the legitimacy of the affidavit supporting the issuance of the search warrant, one skeptical of the State's proof apropos the chain of custody concerning evidence, and one asserting that he was sentenced under an ambiguous state statute. The State of Maine has filed a motion to dismiss. (Docket No. 18.) I recommend that the Court grant the motion and deny Dickinson 28 U.S.C. § 2254 relief.

*Discussion*

The State concedes that the four grounds contained in this 28 U.S.C. § 2254 petition are the same grounds that Dickinson aired in front of the state courts at one juncture or another; 28 U.S.C. § 2254(b)(1)(A) exhaustion is not a concern in this case.

*The Two Search Warrant/Probable Cause Grounds Challenging the Search Warrant Affidavit*

With respect to Dickinson's first and second 28 U.S.C. § 2254 grounds which are Fourth-Amendment-based challenges to the search predicate to his conviction, I agree with the State that the holding of <u>Stone v. Powell</u>, 428 U.S. 465 (1976) precludes this Court from considering the merits of these claims.

*The State Law Chain of Custody and State Non-Constitutional Sentencing Grounds*

There is no other disposition but dismissal that I can recommend apropos the two remaining grounds in Dickinson's 28 U.S.C. § 2254 petition. In his third ground Dickinson challenges the State's proof vis-à-vis the chain of custody of evidence located in a barn. And in his fourth ground Dickinson asserts that the state statute under which he was sentenced is ambiguous because the punctuation and structural organization of this provision "is susceptible to more than one reasonable interpretation." (Pet. at 5.) These grounds do not raise cognizable 28 U.S.C. § 2254 claims; this court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the <u>Constitution or laws or treaties of the United States</u>." 28 U.S.C. § 2254(a) (emphasis added).

*Conclusion*

For the reasons set forth above, I recommend that the Court **GRANT** the motion to dismiss (Docket No. 18) and **DENY** Dickinson 28 U.S.C. § 2254 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 5, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge